KOEGEL, APPELLANT, *v.* KOEGEL, APPELLEE.

[Cite as Koegel v. Koegel (1982), 69 Ohio St. 2d 355.]

(No. 81-865—Decided February 24, 1982.)

356

Mr. *Walter J. Vogel,* for appellant.
Mr. *C. Donald Morris,* for appellee.

PATTON, J. The narrow issue to be determined by this appeal is whether a trial court abuses its discretion in effecting a division of marital property where a part of such division includes a deferred monetary obligation which does not bear interest.

Appellant maintains that a delayed payment on a monetary obligation arising out of a division of marital property must always bear interest or such a division is inequitable as a matter of law and in violation of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

In *Bieber* v. *Bieber* and *Pugh* v. *Pugh, supra,* the court ruled that delayed payments in the division of marital property must bear interest. The appellant urges this court to adopt a *per se* rule like that of *Bieber.*[2] We specifically rejected such a rule in *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348.

The issue presented here requires this court to examine its recent decision in *Cherry.* In *Cherry,* we analyzed the "partnership" language found in our decision in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 413, which stated that, in dividing property upon the dissolution of a marriage, "the court must approach the proceeding much like a suit in partition or an ac-

---

[2] Appellant does not argue that it was an abuse of discretion for the trial court to not award interest under the particular facts presented here.

tion to dissolve, windup, and distribute the assets and liabilities of a partnership." We held that *Wolfe* did not mandate an equal property division, and that the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion. *Cherry,* at 353.

In so holding, we emphasized the long-established principle of leaving broad discretion in the trial court to determine an equitable property division. The different facts and circumstances which each divorce case presents to a trial court requires that a trial judge be given wide latitude in dividing property between the parties. Because each divorce case is different, we concluded in *Cherry* that equitable need not mean equal.

A property award without interest may sometimes be inequitable, but it is not always so. "This is why it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce." *Id.* at 355.

We indicated in *Cherry* that, in making an award of alimony, a trial court's discretion is subject to the 11-factor guide in R. C. 3105.18. Thus, a trial court's discretion is not unlimited, and a property division is subject to reversal or modification by a reviewing court upon a finding that the trial court abused its discretion. *Conner* v. *Conner* (1959), 170 Ohio St. 85, 91; *Dennison* v. *Dennison* (1956), 165 Ohio St. 146, 150.

We therefore decline to hold that a trial judge is obligated as a matter of law to mandatorily affix interest to those monetary obligations which arise out of a property division upon divorce. To do so would impose an unnecessary restraint on a trial judge's flexibility to determine what is equitable in a special set of circumstances.

The appellant was afforded a full evidentiary hearing in the trial court, and the judge specifically considered his request that interest attach to the note. Accordingly, appellant was not denied due process under the Fourteenth Amendment to the United States Constitution or Section 16, Article I of the Ohio Constitution.

Alternatively, appellant argues that he is entitled to an award of interest under R. C. 1343.03.[3] Whether R. C.

---

[3] R. C. 1343.03 provides:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the

1343.03 is applicable to cases involving the division of marital property is a question we need not resolve. R. C. 1343.03 is applicable only to obligations that are due and payable, and the obligation here will not become due and payable until the occurrence of a future event.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, C. BROWN and KRUPANSKY, JJ., concur.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.

Revised Code, when money becomes due and payable upon any bond, bill, note or other instrument of writing, upon any book account, or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction, the creditor is entitled to interest at the rate of eight per cent per annum, and no more."