I concur in the majority's analysis and disposition of appellant's first assignment of error. However, I respectfully dissent from the majority's decision to sustain cross-appellant's second assignment of error. My reasons follow.
While I agree the two alternative methods of payment result in different monetary amounts, I disagree such difference causes the alternatives to be irreconcilable or internally inconsistent. The majority finds the trial court had the authority to give appellant the choice between two alternative methods of paying appellee, but states the alternatives must be "equivalent." (Majority Opinion at 7). The majority orders the trial court to ". . . recalculate the yearly installments in such a way they result in appellee receiving an amount with the present value the same as the lump sum amount, taking into account interest on thefunds." (Majority Opinion at 7, emphasis added). I suggest the trial court's entry reflects its attempt to do so.
It would seem difficult, if not practically impossible, to fashion two alternative payment plans which would be mathematically equivalent, given the fluctuation of interest rates. I note in Koegel v. Koegel (1982), 69 Ohio St.2d 355, the Ohio Supreme Court held it was within the trial court's discretion whether to award interest upon obligations arising out of the division of marital property.[1] In the case sub judice, the trial court's entry reflects an understanding that payment over time benefits cross-appellee and; therefore, the total payment over time should be greater than a lump sum payment. The dispute appears to be over the amount of additional money (interest) to be paid by appellant for choosing the five year payment plan. Though an even higher yearly payment may well have been justified over the five years in this case, I do not find the trial court's alternative payment method so arbitrary or unreasonable as to amount to an abuse of discretion given the Supreme Court's holding in Koegel that the trial court need not award any interest.
I concur in the majority's analysis and disposition of cross-appellant's third assignment of error because of the trial court's failure to complete and file the child support computation worksheet.
In his second assignment of error, the appellant argues the spousal support award was excessive in both amount and duration in light of appellee's conduct. The majority opinion sustains, in part, and overrules, in part, this assignment of error. I cannot tell from the majority opinion what part of this assignment of error it sustains and what part it overrules. Furthermore, the majority opinion also sustains cross-appellant's first assignment of error that the trial court's spousal support award was insufficient. Rather than ruling on either of the these competing assignments of error, and in light of our decision to reverse the trial court's child support order, I would vacate the spousal support award and remand it for redetermination upon completion of the child support calculation worksheet and corresponding child support order. As such, I would overrule appellant's second assignment of error and cross-appellant's first assignment of error as premature rather than affirming, in part, and sustaining, in part, appellant's second assignment of error and sustaining cross-appellant's first assignment of error.
Finally, I would overrule appellant's third assignment of error because the trial court could properly conclude any income derived from the curb machine was marital property.
 ________________________________ JUDGE WILLIAM B. HOFFMAN
 JUDGMENT ENTRY
CASE NO. 97-CA-0205
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is vacated and the cause is remanded to that court for further consideration of the issues of the division of property and award of spousal and child support. Costs to be split evenly between the parties.
[1] In Koegel, the Ohio Supreme Court specifically chose not to decide whether R.C. 1343.03 applies to a division of marital property. Koegel, supra, at 358. I conclude it does not.