Defendant, Kelly Johnson, appeals from his conviction and sentence for possession of crack cocaine, which was entered on Johnson's no contest plea after the trial court denied Johnson's motion to suppress evidence.
On October 21, 1997, around 12:30 a.m., while Dayton police officers William Radlinger and Mark Ponichtera waited at the intersection of Salem Avenue and West Grand Avenue for the traffic signal to change, they saw a Ford Taurus proceeding westbound on West Grand Avenue drive through a red stop light for traffic on that street. The officers immediately initiated a traffic stop.
When the driver of the vehicle, Defendant Kelly Johnson, pulled over and stopped, he moved about inside the vehicle, back and forth in the front seat, and ducked down below the seat. This raised safety concerns for the officers that Johnson might have concealed weapons either on his person or inside the vehicle. When Officers Radlinger and Ponichtera exited their cruiser and approached on foot, they ordered Johnson to step out of his vehicle.
Officer Radlinger performed a pat down search of Johnson's outer clothing for weapons. Based upon his experience in finding razor blades and other weapons hidden inside hats, Officer Radlinger patted down the knit stocking cap Johnson wore, which was rolled over on the edges.
Officer Radlinger felt a hard object on the right side of Johnson's hat that he suspected might be a weapon, possibly a razor blade or a knife. Because he wasn't sure what it was, Officer Radlinger reached inside the hat and grabbed the object with his fingers, and felt what based upon his previous experience he believed to be crack cocaine. Officer Radlinger then removed two pieces of suspected crack cocaine from the hat and arrested Johnson for possession of that illegal substance.
Kelly Johnson was subsequently charged with possession of crack cocaine in violation of R.C. 2925.11(A). Johnson filed a motion prior to trial asking the court to suppress the illegal drugs recovered by police from his stocking cap. The trial court overruled Johnson's motion to suppress following an evidentiary hearing. Johnson subsequently entered a no contest plea, was found guilty. He was sentenced to five years of community control sanctions.
Kelly Johnson has timely appealed from his conviction and sentence. He presents two assignments of error, both of which challenge the trial court's order overruling his motion to suppress evidence.
FIRST ASSIGNMENT OF ERROR
 THE COURT ERRED IN FINDING THAT THE OFFICER'S TERRY PAT DOWN FOR WEAPONS WAS REASONABLE IN INCLUDING DEFENDANT'S KNIT STOCKING CAP.
 SECOND ASSIGNMENT OF ERROR
 THE COURT ERRED IN FINDING THAT THE OFFICER'S MANIPULATION OF THE OBJECT IN DEFENDANT'S STOCKING CAP WAS PERMITTED WITHIN THE PARAMETERS OF PLAIN FEEL.
Johnson does not contest the fact that police had a lawful basis to stop his vehicle after they saw him commit a traffic violation, per Dayton v. Erickson (1996), 76 Ohio St.3d 3, or that as part of the traffic stop police could lawfully order Johnson to exit his vehicle. State v. Evans (1993), 67 Ohio St.3d 405. Moreover, Johnson concedes that his furtive movements gave police a reasonable basis to suspect that Johnson might be armed and pose a threat to their safety. Accordingly, the police officers were warranted to conduct a pat down search of Johnson's outer clothing for weapons. Terryv. Ohio (1968), 392 U.S. 1. What Johnson does argue in his first assignment of error is that it was not reasonable to extend that pat down search for weapons to the knit stocking cap that he wore. According to Johnson, officers could notreasonably suspect that he might have been carrying a weapon of some sort in his stocking cap. We disagree.
Officer Radlinger testified that on more than thirty prior occasions he has included knit stocking caps in his pat down searches for weapons, and that on several of those occasions has discovered weapons such as razor blades hidden inside those hats. In view of the fact that Johnson's movements inside his vehicle caused police to reasonably suspect that Johnson might have concealed a weapon on his person or inside his vehicle, and given Officer Radlinger's previous experience, it was not unreasonable for Officer Radlinger to include the knit stocking cap Johnson wore in his pat down search of Johnson's outer clothing for weapons. Such a search is well within the permissible scope of a Terry frisk for weapons. Johnson's first assignment of error is overruled.
A somewhat closer question is presented by the second assignment of error, in which Johnson argues that Officer Radlinger's actions went beyond the permissible scope of aTerry pat down search for weapons when the officer, upon initially feeling a hard object in Johnson's knit stocking hat, reached inside that hat and grabbed the object with his fingers, manipulating it in order to determine what it was.
During the course of a Terry pat down search for weapons, a police officer may lawfully seize any article which the officer immediately recognizes through his sense of touch as contraband. This is the so called "plain feel" doctrine. SeeMinnesota v. Dickerson (1993), 508 U.S. 366. However, if during that pat down search the officer feels an object that he determines is not a weapon, the officer is not authorized to further manipulate that object to learn its identity. Such a search exceeds the limited scope of a Terry pat down search for weapons and is constitutionally unreasonable. Id.
On the other hand, if an officer while conducting a lawful pat down search for weapons discovers an object on the suspect's person which the officer through his or her sense of touch reasonably believes could be a weapon, but remains uncertain in that regard, the officer is entitled to seize that object for his safety. State v. Evans (1993), 67 Ohio St.3d 405.
The trial court apparently believed Officer Radlinger's testimony concerning his actions and the conclusions at which he arrived. Therefore, the trial court did not err when it held that Officer Radlinger acted reasonably when he reached inside Johnson's stocking cap to retrieve what he suspected might be a weapon, or when he seized the object when its identity as crack cocaine was immediately revealed to him through his sense of touch. Evans, supra. Dickerson, supra.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Karen J. Lynn, Esq. Dennis L. Bailey, Esq. Hon. John P. Petzold
Mr. Kidd paid in child support. There was also discussion of the work his wife did. Based on the evidence before the trial court, the trial court did not abuse its discretion when the court ordered a reduction in the arrearages payment. The second Assignment of Error is not well taken.
In its final Assignment of Error, appellant argues that the trial court erred by finding that Mr. Kidd established his inability to pay the prior arrearage amount and, therefore, violated his former wife's property right in sufficient and reasonable arrears payments. We do not agree.
The trial court acted within its discretion when it ordered a reduction in the arrears payment. Appellant's property rights were not impacted because the trial court did not reduce the total amount that Mr. Kidd was required to pay. Instead, after considering the evidence, the trial court, in its discretion, decided that a reduced arrears payment amount was justified so that Mr. Kidd would be able to make monthly payments until the arrearage was completely paid. We cannot find that the trial court abused its discretion in reaching this decision. The third Assignment of Error is not well taken.
The Assignments of Error are overruled. The judgment of the trial court is affirmed.
Milligan and Fain, JJ., concur.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Mary Cacioppo, Retired from the Court of Appeals, Ninth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
trial court's decisions adopting, rejecting, or modifying a magistrate's order will not be reversed on appeal absent an abuse of discretion. Wade v. Wade (1996), 113 Ohio App.3d 414,419.
In its first Assignment of Error, appellant argues that the trial court erred in modifying the arrears payment. We do not agree.
Mr. Kidd came before the trial court because of his failure to make child support payments. The purpose of the hearing was for Mr. Kidd to explain his failure. At the hearing, Mr. Kidd presented evidence that he had attempted to make payments on the arrearages, but that he was not financially able to do so. With the testimony and other evidence heard by the court, the court made the determination that, under the circumstances, the arrearages payment was too high. Therefore, the trial court ordered that the payment amount be reduced.
The trial court did not abuse its discretion in ordering a reduction in the arrearages payment. It is important to note that the trial court did not eliminate the obligation. The trial court, in its discretion, recognized that Mr. Kidd would not be able to meet the previously set arrearages payment amount and simply ordered that the arrearages be paid, but at a lesser amount. This was not an abuse of discretion. The first Assignment of Error is not well taken.
In its second Assignment of Error, appellant argues that the trial court erred by reducing the arrearages payment when Mr. Kidd failed to include his current spouse's income. Our review of the record indicates that there was testimony before the trial court on this issue. Mr. Kidd identified that his current wife's income was to supplement what ordered Douglas to pay $75 per month until the arrearage was satisfied. The prosecutor's office filed objections, Douglas responded, and the trial court adopted the magistrate's order on March 6, 1998. The prosecutor's office timely appealed.
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN SUA SPONTE MODIFYING THE ARREARS PAYMENT AMOUNT AND THEREBY DENIED APPELLANT'S DUE PROCESS RIGHT TO MOTION, NOTICE AND OPPORTUNITY TO PRESENT EVIDENCE ON THE ISSUE OF MODIFICATION.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN REDUCING THE APPELLEE'S ARREARS PAYMENT AMOUNT DESPITE APPELLEE'S FAILURE TO INCLUDE HIS CURRENT SPOUSE'S INCOME.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN FINDING THAT APPELLEE ESTABLISHED INABILITY TO PAY THE PRIOR ARREARS PAYMENTS OR AN AMOUNT HIGHER THAN SUBSEQUENTEY [[[SIC]]] ORDERED AND THEREBY VIOLATED APPELLANT'S PROPERTY RIGHT IN SUFFICIENT AND REASONABLE ARREARS PAYMENTS.
Each of the appellant's assignments of error challenges the decision reached by the trial court. The trial court's judgment cannot be disturbed on appeal absent a showing that the trial court abused its discretion. Koegel v. Koegel (1982), 69 Ohio St.2d 355,357. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. The ultimate question, therefore, before the court is whether the trial court abused its discretion in reaching the decisions it did. The