DECISION AND JUDGMENT ENTRY
This is an appeal from a Gallia County Common Pleas Court judgment settling some remaining issues in the long running divorce litigation between Jean Curtis Rinehart, plaintiff below and appellant herein, and, Dean B. Rinehart, defendant below and appellee herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING INTEREST UPON THE DIVORCE JUDGMENT."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRONEOUSLY ORDERED THE CONVEYANCE OF THE ENTIRE REAL PROPERTY KNOWN AS THE BARCUS FARM."
A very brief history of these proceedings, as well as the facts pertinent to this particular appeal, are as follows. The parties herein were married on December 2, 1985. No children were ever born as issue of that marriage. Appellant commenced the action below on July 23, 1993 seeking, inter alia, a divorce and an equitable distribution of property. Judgment was entered on July 19, 1994 terminating the marriage but reserving the issue of "[p]roperty division" until a later time. Final judgment distributing the couple's property was entered on September 30, 1994 but was subsequently reversed by this Court and remanded for further proceedings to determine traceability and dissipation of separate property. See Rinehart v. Rinehart (December 13, 1995), Gallia App. Nos. 94CA26 95CA6, unreported (hereinafter referred to as "Rinehart I").
After remand, the trial court entered judgment on June 27, 1996 evaluating the property claims of both parties and attempting to make an equitable distribution. Both sides appealed that judgment and we reversed once again. See Rinehart v. Rinehart (May 18, 1998), Gallia App. No. 96CA10, unreported (hereinafter referred to as "Rinehart II"). Our decision in Rinehart II included a determination of the couple's respective property interests.
After remand, appellant filed a motion for "judgment interest" thereby requiring additional proceedings herein. Appellant's position was that she should be awarded interest on her share of the property distribution and that such interest should be assessed from September 30, 1994 (the first date that the trial court made an award of property). Appellee filed a memorandum in opposition arguing that his ex-wife was not entitled to interest because, among other things, the original property division was reversed on appeal. The trial court held a hearing on July 2, 1998 to review this and other matters that had been raised by the parties. On July 13, 1998, the trial court denied appellant any interest on the property division. A final judgment, reflecting the substance of our decision in Rinehart II, was entered on August 10, 1998 and this appeal followed.
 I
Appellant argues in her first assignment of error that the trial court erred in denying her motion for "judgment interest." We disagree.
The decision on whether to award interest on obligations arising from the division of marital property is within the sound discretion of the trial court. Koegel v. Koegel (1982), 69 Ohio St.2d 355,432 N.E.2d 206, at the syllabus. Thus, the court's decision should not be reversed absent a showing of an abuse of that discretion. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Landis v. GrangeMut. Ins. Co. (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140,1142; Malone v. Courtyard by Marriott L.P. (1996), 74 Ohio St.3d 440,448, 659 N.E.2d 1242, 1249; Steiner v. Custer (1940),137 Ohio St. 448, 31 N.E.2d 855 at paragraph two of the syllabus. In order to have an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1,3. Further, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1 (1991). 57 Ohio St.3d 135,138, 566 N.E.2d 1181, 1184; Berk v. Matthews (1990). 53 Ohio St.3d 161,169, 559 N.E.2d 1301, 1308. This is a difficult standard to meet and appellant has not convinced us that it was met here.
It should be noted at the outset that we sympathize with both parties herein. These proceedings have been ongoing for approximately six (6) years. Indeed, appellant should have received her share of marital property years ago. That does not mean, however, that she is entitled to "judgment interest" on that award.
The property divisions at issue in Rinehart I and Rinehart II
were reversed by this Court. Thus, there were no "judgments" upon which interest could accrue. Appellant argues that interest could nevertheless be assessed for those periods between the entry dates of the judgments and the times they were reversed on appeal. We reject that argument, however, because it would place us in the anomalous position of imposing interest on judgments which were later deemed incorrect and were ultimately reversed.
Appellant also argues that the "equities" of this case demand the payment of interest. She spends considerable time, in both her brief and reply brief, describing how the trial court demonstrated "favoritism" toward her ex-husband and "blatant[ly]" abused its discretion throughout these proceedings. Even if appellant's complaints are justified, and we are not persuaded that they are, her dispute is with the trial court rather than her ex-husband[1] Appellee could hardly be expected to start paying monies to his ex-wife before ordered to do so by a judgment that had successfully withstood appeal. For these reasons, we find that the trial court committed no abuse of discretion. We thus find no merit in appellant's argument and overrule her assignment of error.
 II
Appellant's second assignment of error is directed at the trial court's distribution of the so-called "Barcus farm." This property was claimed by appellee as separate property (acquired during a previous marriage) and was described below as consisting of "approximately fifty-three [53] acres . . ." The trial court's 1994 property division awarded to appellee" [the Barcus farm — 13 1/2 acres plus improvements [.]" Subsequently, in the July 13, 1998 journal entry, appellant was ordered to quitclaim to her ex-husband "53.5 acres" of that farm. Appellant now contends that this latter entry essentially awarded her ex-husband "an additional forty [40] acres as if by magic." Not only do we disagree with this contention, we also find the whole argument a bit disingenuous.
The trial court's June 30, 1994 description of the property as only being 13 1/2 acres was clearly a typographical error. Although little mention is made of the "Barcus farm" throughout these proceedings, the few references which do exist prior to the initial property division all describe the land as encompassing approximately 53 acres. The September 30, 1994 judgment erroneously described the property as 13 1/2 acres and the July 13, 1998 judgment simply corrected that mistake nunc pro tunc.See generally Metzger v. Thurman (Jul. 27, 1993), Scioto App. No. 92CA2106, unreported (clerical or scriveners errors are appropriately corrected nunc pro tunc)
It should also be pointed out that the June 30, 1994 judgment seems to have intended to award the property to appellee in its entirety. The entry sets forth that appellee was to receive the "Barcus farm." No mention was made of him only receiving a fractional interest in the property and we have found nothing in the judgment which indicates that appellant was to receive any interest, divided or undivided, therein. Thus, the erroneous ancillary description of the property as consisting of only 13 1/2 acres was mere surplusage and can be ignored. Appellant cites us to nothing in the record which would indicate to the contrary (i.e. that she was intended to be the recipient of the other forty plus (40+) acres) and we have found nothing to that effect in our own review. Her second assignment of error is, consequently, without merit and is overruled.
Having considered each assignment of error, and finding merit in neither of them, the judgment of the trial court is hereby affirmed.
JUDGMENT AFFIRMED.
[1] Although we have reversed the trial court twice on appeal, those rulings should not be taken as criticism or suggestion that the court showed "unconscionable favoritism." The divorce laws in this state are sometimes cumbersome and the cause sub judice
involved voluminous evidence and some rather complex issues. As was noted in Rinehart I, this Court was sympathetic to the trial court "in performing the tedious task of untangling [the] complicated financial maze" created by these parties. We therefore do not join in appellant's critique of the court below.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Harsha, J. Abele, J.: Concur in Judgment 
Opinion
For the Court
 BY:______________________________ Roger L. Kline Presiding Judge
 BY:______________________________ William H. Harsha, Judge
 BY:______________________________ Peter B. Abele, Judge