DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Domestic Relations Division. Because we conclude that the trial court did not abuse its discretion when it awarded spousal support, child support and attorney fees, we affirm.
Appellant, Daniel Sullivan, and appellee, Marcia Sullivan, were married on September 27, 1973. The marriage produced four children. Two of the children are now adults and one child died at birth. The one remaining child, Lauren, a minor, is severely handicapped. She cannot walk, talk or feed herself; thus, her condition requires that she receive twenty-four hour care.
On December 9, 1996, appellee filed a complaint for divorce; appellant answered and counterclaimed. Divorce proceedings were held and on November 16, 1999, the trial court entered a final judgment entry, granting both parties a divorce. Based on evidence presented, the trial court determined that the minor child was incapable of becoming self-sufficient and found that appellant had a duty to pay child support beyond the child's age of majority. Appellee was appointed as the minor's residential and legal custodian, and appellant was granted visitation and companionship rights. Appellant was ordered to pay child support in the amount of $758.62 per month.The trial court also awarded appellee spousal support in the amount of $1,000 monthly and attorney fees in the amount of $4,000. It is from this judgment that appellant appeals, setting forth the following three assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN EXPANDING THE KUNKLE FACTORS AND AWARDING APPELLEE SPOUSAL SUPPORT FOR WHAT AMOUNTS TO AN INDEFINITE PERIOD OF TIME.
 "II. THE TRIAL COURT ERRED BY DEVIATING FROM THE CHILD SUPPORT GUIDELINES UNDER THE FACTS OF THIS CASE.
 "III. THE TRIAL COURT ERRED BY AWARDING APPELLEE ATTORNEYS' FEES."
Appellant maintains that the court's judgment constituted an abuse of discretion. That judgment cannot be disturbed on appeal absent a showing that the court abused its discretion. Koegel v. Koegel
(1982), 69 Ohio St.2d 355, 357. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 I.
In his first assignment of error, appellant contests the trial court's award of spousal support for an indefinite period of time. R.C. 3105.18(C)(1) governs the requirements for awarding spousal support. After thoroughly reviewing the record, we conclude that the trial court properly considered the factors for awarding spousal support as required by R.C. 3105.18(C)(1).
This court recognizes that the modern trend favors terminating spousal support on a definite date. However, in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, spousal support may be awarded for an indefinite time. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus. In this case, the trial court found the twenty-five year marriage to be one of long duration. The trial court also determined that appellee was a homemaker-spouse with little opportunity to develop meaningful employment outside the home. In making this determination, the court considered the following facts: 1) the minor child is severely handicapped and requires twenty-four hour assistance; 2) appellee spends most of her time caring for the child, and as long as the minor child continues to reside with appellee, she would only be able to obtain part-time employment; 3) appellee had been unemployed for most of the marriage and has few marketable skills. Additionally, the court retained jurisdiction over the issue of spousal support. Thus, we can not say that the trial court in this case acted unreasonably, arbitrarily, or unconscionably in awarding appellee spousal support for an indefinite period of time. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant contends that the trial court erred in deviating from the child support guidelines and awarding more money than provided by the child support schedule. While R.C. 3113.215(B)(2)(c) lists the requirements for awarding child support, it allows for deviation from the schedule under certain circumstances. Jilek v. Jilek
(July 18, 1997), Lucas App. No. L-96-319, unreported. In pertinent parts, R.C. 3113.215(B)(2)(c) states:
 "(c)The court shall not order an amount of child support that deviates * * * from the use of the basic child support schedule * * *, unless both of the following apply:
 "(i)The court, after considering the factors and criteria set forth in division (B)(3) of this section, determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, would be unjust or inappropriate and would not be in the best interest of the child;
 "(ii)The court enters in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
R.C. 3113.215(B) lists the factors a court may consider in determining whether to deviate from the child support schedule. In reviewing the record, we find that the trial court did comply with the statutory dictates. The trial court looked specifically to the factors set forth in R.C. 3113.215(B)(3)(a), (b) and (j) in concluding that the amount of child support calculated pursuant to the basic child support schedule would be unjust and inappropriate and would not be in the best interest of the child.[1] The trial court set forth the amount of child support calculated by the child support schedule and also explained in its decision why the amount was inappropriate, citing the facts which supported that determination. Therefore, we cannot say that the trial court abused its discretion in deviating from the child support schedule. Accordingly, appellant's second assignment of error is not well-taken.
 III.
In his third assignment of error, appellant contends that "the trial court erred by awarding appellee attorneys' fees." A decision to award or not to award attorney fees should not be interfered with absent a clear showing of abuse or prejudice by the trial court. Birath v. Birath (1988), 53 Ohio App.3d 31, 39.
R.C. 3105.18(H) requires that attorney's fees awarded in a divorce proceeding be reasonable.[2] After thoroughly reviewing the record in this case we cannot say that the trial court abused its discretion and prejudiced appellant in awarding partial attorney's fees. Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is affirmed. The cost of this appeal is assessed to appellant.
JUDGMENT AFFIRMED.
[1] The sections of R.C. 3113.125(B)(3) that the trial court considered are as follows:
"(a)Special and unusual needs of the child;
"* * *
 "(b)Extraordinary obligations for minor child or obligations for handicapped children who are not stepchildren and who are not offsprings from the marriage or relationship that is the basis of the immediate child support determination;
"* * *
 "(j)Significant in-kind contributions from a parent, including, but not limited to, direct payment for lesson, sports equipment, schooling, or clothing."
[2] 3105.18(H) states:
 "(H)In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of proceedings, including, but not limited to, any appeal, any proceedings arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating the party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."