JOURNAL ENTRY AND OPINION
Plaintiff-appellant Janice Greiner ("wife") appeals the trial court's order pertaining to the property settlement of the parties' divorce. Wife objects to the court's order which states that defendant-appellee ("husband") "shall pay $1000.00 per month as a division of property until he has paid at [sic] total of $107,332.61. He is not required to pay interest on this amount." Judgment entry at 7. Although the trial court held that "[t]his sum represents the sum necessary, along with Mr. Greiner's payment of all of the marital debt to equalize the division of property," appellant claims that the lack of interest provides husband with an interest-free loan worth approximately $70,000.00.
The Greiners were married from May 8, 1976 until April 20, 1998. They had four children, one of whom was a minor at the time of the divorce. One of their adult children, John, is a quadriplegic still living at home. John's accident occurred several years prior to the divorce, and the Greiners spent considerable sums of money to renovate the family home to accommodate his disability. Some of this renovation was financed by a trust fund founded for John after his accident. This renovation was the subject of significant conflict between the parties and was allegedly controlled by husband despite the criticisms and objections of wife.
Aside from the house, the only other significant asset of the marriage was husband's accounting business. As an accountant, husband orchestrated several creative loans and debts which were not in the control of wife. One of those debts was a twenty-year-old loan from his mother. The interest on the debt exceeded the amount of the debt itself. Husband also owed money on a debt which he rolled over periodically, with interest, and declared on his taxes as an outstanding account due, although it appeared that in reality he was financing a long-term loan to his colleague. Husband also claimed that moneys spent by the trust for the benefit of John were debts owed by the couple to the trust. The trustees of the trust disputed this, stating that the expenditures were well within the purpose of the trust.
Husband's income was determined to be $80,843 for 1995, and wife's was determined to be $4,115. Wife's earning potential was determined to be $12,480 if she were to work full time at her job as a day care worker. Husband was ordered to pay child support of $791 per month for support of the minor child until his emancipation, to pay alimony of $1,125.00 per month for ten years, and to carry health insurance for the minor child.
 Appellant's only assignment of error states HAVING DETERMINED AN EQUAL DIVISION OF MARITAL PROPERTY TO BE EQUITABLE PURSUANT TO R.C. 3105.171, THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING AN UNEQUAL DIVISION.
The parties agreed on all aspects of the divorce settlement with the exception of the lack of interest applied to wife's property settlement. The magistrate was meticulous in delineating the complicated financial details of this couple's economic situation. When the magistrate disallowed several of the debts which husband considered marital debts, the magistrate clearly and logically explained in her findings of fact her reasons for assigning those debts exclusively to the husband. Neither party objected to those decisions. The trial court stated
 It is further ordered, adjudged and decreed that, upon Daniel's emancipation, [husband] shall pay $1000.00 per month as a division of property until he has paid a total of $107,332. He is not required to pay interest on this amount. This sum represents the sum necessary, along with [husband]'s payment of all of the marital debt to equalize the division of property.
The magistrate's report, at 27-29, presented the following analysis of the assets and debts of the parties:
ASSETS
Business $354,434.00
Equity in home $ 68,910.86
Wife's retirement $ 1,341.74
Life insurance $ 10,453.32
Total $435,139.92
DEBTS
Construction $ 34,600.97
Medical expenses $ 6,199.78
Husband credit card $ 13,447.04
 Bick Fredman $ 4,815.07 (appraisal of business)
Tax debt unknown
The magistrate added the following comment:
 Determining the parties' tax obligation is complicated by the fact that [husband] has a great deal of control over the timing and the amount of his tax obligation based in part on when he chooses to report loans as income. Although it is marital debt, the tax [sic] parties' tax obligation is based primarily on the decisions made by the Defendant-husband as to how to report his income.
(Magistrate's Report at 27.)
Total Allowed Debt[1] $ 59,062.86
AWARD TO WIFE
House $ 68,910.86
SERS retirement $ 1,341.74
Insurance policies $ 10,453.32
NET AWARD TO WIFE $ 80,705.92
AWARD TO HUSBAND
Business $354,434.00
Debt to Husband ($ 59,062.86)
NET AWARD TO HUSBAND $295,372.14
Total Marital Assets $435,139.92
Total Marital Debt -59,062.86
Net Marital Assets $376,077.06
===========
One half of the net assets equals $188,038.53. However, the husband has been awarded $295,372.14, which is $107,332.61 more than his share of one-half of the marital assets. Thus wife must be compensated for the $107,332.61 difference. The court resolved this discrepancy by ordering husband to pay the wife $1,000 per month until the debt was paid — nine years if paid on schedule. The court stated that because husband is paying the marital debt, the division of marital property will be "equalized."
The standard of review for the trial court's division of marital assets is well established:
 A reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. * * * The appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which, viewed in its entirety, was an abuse of discretion.
Briganti v. Briganti (1984) 9 Ohio St.3d 220, 222. However, the reviewing court will not find an abuse of discretion simply because it might have made a different finding if it had heard the case. "Rather, an abuse of discretion indicates an attitude that is unreasonable, arbitrary, or unconscionable." Green v. Green (June 30, 1998) Ross App. No. 97 CA 2333, unreported, 1998 Ohio App. LEXIS 3178 at *20.
Husband relies on Koegel v. Koegel (1982), 69 Ohio St.2d 355, to support his argument that the trial court has the discretion to determine whether or not to award interest upon obligations arising out of the division of marital property * * *. Id. at Syllabus. The trial court has the discretion to determine whether an equal division of property would result in an inequitable division, and, if it would, to make an unequal but equitable award. "[E]quitable need not mean equal." Id. at 357.
Wife argues that Koegel is superceded by R.C. 3105.171(C)(1), which states in pertinent part
 Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable.
Courts have treated R.C. 3105.171 as a codification of Koegel, not an overruling of it. Banning v. Banning (June 28, 1996), Greene App. No. 95 CA 79, unreported, 1996 Ohio App. LEXIS 2693; Guthrie v. Guthrie (May 22, 1998), Lucas App. No. L-97-1089, unreported, 1998 Ohio App. LEXIS 2225; Summers v. Summers (June 30, 1993), Ashtabula App. No. 92 A-1705, unreported, 1993 Ohio App. LEXIS 2226. R.C. 3105.171 became effective in 1992. In 1994, the Supreme Court of Ohio reaffirmed its decision inKoegel that "[t]he trial court is vested with broad discretion when fashioning its division of marital property. * * * The award need not be equal, but it must be equitable. * * * A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable." Biskerv. Bisker (1994), 69 Ohio St.3d 608 at 609. Had the Supreme Court intended to alter its earlier holding in Koegel, it had the opportunity to do so here. Because the Court upheld the holding of Koegel in Bisker,
wife is mistaken in arguing that R.C. 3105.171 overrules Koegel. The trial court continues to have the discretion to decide whether an equal division of marital property is equitable.
Wife further claims that because the court specifically stated it was making an equal division, she is entitled to interest on her share of the property division. We disagree. The schedule calls for husband to pay wife $1,000 per month until he has paid $107,332.61. In explaining its award of assets, the court expressly pointed to the marital debt. Husband was burdened with a marital debt of $59,062.86. To demonstrate that the entire division of assets is unequal would require consideration of the interest on this marital debt. Wife has not shown, however, the interest rate on this debt.
There are, moreover, other factors before the court: an unknown tax debt and a business that depends on the labor of the husband. The court may also consider the impact of other monthly obligations upon husband's ability to pay off the marital debt. The very fact that the marital debt was incurred and is still outstanding suggests cash limitations. Under the totality of these circumstances, the decision not to award interest is within the range permitted by the evidence.
The trial court is in the best position to assess the financial positions of the parties. Given the monthly debt payments required of husband and the financial assistance awarded to wife, we do not find an abuse of discretion on the part of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., CONCURS; KENNETH A. ROCCO, J., DISSENTS (See attached Dissenting Opinion).
[1] DISALLOWED DEBTS
 To husband's mother $13,000 @ 7.25% (last payment made in 1979) To GHR construction $ 8,996.66 To Mr. Szoradi $ 9,659.29 @ 7%