DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, James M. Carder, appeals from the divorce decree of the Summit County Court of Common Pleas Domestic Relations Division. We affirm in part, reverse in part, and remand.
{¶ 2} Appellant and Appellee, Barbara Carder, started to live together in February 1975, and were married on April 21, 1979, in Damascus, Ohio. Appellant and Appellee have one child, William, born as issue during the marriage. Prior to their marriage, Appellant received from his mother certain real estate located in Akron, Ohio in Summit County. During the marriage, Appellant and Appellee resided in this home, which had a fair market value of $38,000.00 in 1979. Also during their marriage, Appellant and Appellee installed an above-ground swimming pool on this real estate, which cost $4,000.00. This pool was vandalized by neighborhood children during the marriage.
{¶ 3} On October 25, 1996, Appellee filed a complaint for divorce in the Summit County Court of Common Pleas Domestic Relations Division, requesting, inter alia, the following: an absolute divorce; an order granting Appellee temporary and permanent custody of William; an order granting Appellee temporary and permanent spousal support; and an order for equal division of assets. On November 26, 1996, a magistrate issued orders from a temporary hearing granting temporary child support, temporary spousal support, and temporarily allocating parental rights and responsibilities over William to Appellee. On May 13, 1997, the magistrate issued a supplemental order modifying the temporary orders, allocating parental rights and responsibilities to Appellant, effective April 23, 1997. A trial was held on January 28, 1998, May 26, 1998, and July 31, 1998. At the time of trial, the real estate was worth $83,000.00. On March 24, 1999, the trial court granted the divorce, and on March 17, 2003, the trial court issued a final QDRO.[1] It is from the divorce decree that Appellant now appeals.
 {¶ 4} Appellant timely appealed, asserting two assignments of error.
 First Assignment of Error
"The trial court erred by failing to properly follow the formula set down by this court in nine vs nine to this case."
 {¶ 5} In his first assignment of error, Appellant contends that the trial court erred by improperly following the formula set forth inNine v. Nine (Mar. 1, 1995), 9th Dist. No. 16625. Specifically, Appellant argues that the trial court failed to properly account for the improvements that were made to the real estate held by the couple during their marriage, in accordance with Nine. We agree.
 {¶ 6} Pursuant to R.C. 3105.171(C)(1), the trial court is required to make an equal division of marital property. Only in cases where such a division would be inequitable is the trial court allowed to deviate from an equal division of marital property. Id. "The trial court has broad discretion in determining what property citing Cherry v. Cherry
(1981), 66 Ohio St.2d 348, paragraph two of the syllabus.
 {¶ 7} For the purposes of computing the value of marital property, R.C. 3105.171(A)(3)(a) states that "`[m]arital property' means * * *: (iii) * * * all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage[.]" (Emphasis added.) In accordance with this code section, this Court has set forth a formula for apportioning real property brought into the marriage by only one party to the marriage. Nine. In Nine, we stated that the equity that a spouse holds in such real property is the deciding factor for a division of the property, and that the dollar amount of home improvements invested by either spouse into the property "[i]s not significant for purposes of the division of property." In that case, we assessed the real estate appreciation constituting marital property by taking into account the increase in fair market value attributable to the home improvements that were made by the couple during the marriage. Id.
 {¶ 8} In the instant case, the trial court did not compute the value of the marital property in accordance with R.C.3105.171(A)(3)(a)(iii) and Nine. In calculating the marital estate for property division purposes, the trial court found that using the $2,500.00 dollar amount, which reflects the increase in fair market value from home improvements made by the couple during the marriage, "creates a highly inequitable result." Instead of using this appreciation amount to calculate the value of the marital property, the trial court utilized the dollar amount of $9,700.00, which represents the actual dollar expenditures for these home improvements.
 {¶ 9} Although a trial court has discretion with respect to determining whether a division of the marital property value is equitable, the law does not provide that the trial court has discretion with respect to which dollar values to use in calculating the value of the marital property. R.C. 3105.171(A)(3)(a)(iii) explicitly provides that appreciation on separate property due to monetary contribution during marriage is considered marital property; the statute does not state that the actual monies expended on home improvements are to be considered marital property. Our decision in Nine clearly emphasizes that the equity built up in the home is the focal point in such a calculation. Furthermore, logic dictates that the best way to quantify the current value of home improvement expenditures, made throughout the course of the marriage, is the real estate appreciation value attributable to these improvements. The trial court's exercise of discretionary power in the instant case to essentially define what is and what is not considered marital property, the definition of which is already established in Chapter 3105 of the Code, is clearly misplaced.
 {¶ 10} Based on the foregoing discussion, this Court finds that the trial court erred because it improperly applied R.C. 3105.171 and the Nine formula when calculating the value of Carders' marital property.
 {¶ 11} Appellant's first assignment of error is well-taken.
 Second Assignment of Error
"The trial court erred by awarding the appellant a swimming pool until the child reaches the age of eighteen and then requiring it to be sold without allowing the appellant credit for improvements he makes to the pool after the divorce."
 {¶ 12} In his second assignment of error, Appellant asserts that the trial court erred by requiring the swimming pool to be sold once the child turns eighteen, without allowing him credit for improvements he makes to the pool after the divorce. We disagree.
 {¶ 13} When reviewing the division of property in a divorce case, an appellate court cannot disturb the trial court's judgment on appeal without showing that the common pleas court abused its discretion in formulating the division of the marital assets and liabilities of the parties. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218; see, also,Koegel v. Koegel (1982), 69 Ohio St.2d 355, 357. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. Blakemore, 5 Ohio St.3d at 219.
 {¶ 14} In its findings of fact, the trial court found that the above ground pool which is located at the marital residence is personal property. This pool suffered damage by two neighborhood children. Appellee testified that the families of the two neighborhood children agreed to pay for these damages; however, no monies had been paid as of the date of the trial. No insurance monies regarding the pool had been received as of the date of the trial.
 {¶ 15} The trial court ordered that the above ground pool be sold once the child turns eighteen and that the proceeds be divided between the parties equally. The trial court further ordered that any monies received from an insurance company or from the families of the neighborhood children be utilized to make the necessary repairs to the pool.
 {¶ 16} Appellant asserts in his brief that there has been no payment from an insurance company or the families of the neighborhood children to use for the repair of the pool. Appellant argues that it is error for the trial court to force a sale of the pool without allowing him credit for any repairs that he makes to the pool. As Appellant admits in his brief, Appellant desires to keep the pool and pay for the necessary repairs himself. The trial court did not, however, order Appellant to repair the pool. Therefore, we cannot find that the trial court abused its discretion by not allowing credit for any repairs made by Appellant.
 {¶ 17} Appellant's second assignment of error is overruled.
 {¶ 18} Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas Domestic Relations Division is affirmed in part, reversed in part, and remanded to the trial court for recalculation of the marital property value in accordance with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
BAIRD, P.J. and WHITMORE, J. concur.
[1] On April 20, 1999, Appellant had filed a notice of appeal to this Court, and on April 23, 1999, Appellee filed a notice of cross appeal. On August 3, 2000, this Court dismissed the appeal and cross appeal for lack of jurisdiction to review the divorce decree, because the Qualified Domestic Relations Order ("QDRO") had not yet been filed.