OPINION
{¶ 1} Appellant Rick E. Waller appeals from the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, which granted appellant a divorce from Appellee Karen J. Waller. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on February 25, 1984 in Columbus, Ohio. Four children were born of the marriage. On March 13, 2006, appellee filed a complaint for divorce. Appellant did not answer, nor did he appear for the uncontested divorce hearing which occurred on July 14, 2006.
 {¶ 3} On August 22, 2006, the trial court issued a decree of divorce, ordering, inter alia, a division of marital property, as well as spousal support payable to appellee in the amount of $833.33 per month until March 15, 2008, unless terminated by appellee's death, remarriage, or cohabitation with an unrelated male.
 {¶ 4} On September 20, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT FAILED TO MAKE FINDINGS OF FACT FOR PROPERTY DIVISION CONTRA TO REVISED CODE 3107.17.1 ET SEQ.
 {¶ 6} "II. THE TRIAL COURT FAILED TO MAKE FINDINGS OF FACT FOR AN AWARD OF SPOUSAL SUPPORT CONTRA TO REVISED CODE 3105.18 ET SEQ."
 I. {¶ 7} In his First Assignment of Error, appellant argues the trial court erred by failing to make findings of fact regarding the division of the parties' marital property. We disagree. *Page 3 
 {¶ 8} Generally, a trial judge should be given wide latitude in dividing property between the parties in a divorce action. SeeKoegel v. Koegel (1982), 69 Ohio St.2d 355, 432 N.E.2d 206. Nonetheless, R.C. 3105.171(G) provides that any disbursement of property or distributive award made pursuant to R.C. 3105.171 requires the trial court to enter specific written findings of fact supporting its decision to unequally divide property between the spouses. See Szerlip v.Szerlip (1998), 129 Ohio App.3d 506, 512, 718 N.E.2d 473.
 {¶ 9} The specific language at issue in the decree is as follows: "The parties agree that an equitable division of household goods and furnishings has already been made and specifically waive Findings of Fact as to the equitable division of said property." Divorce Decree at page 4.
 {¶ 10} Appellant concedes he was not present for the uncontested divorce hearing on July 14, 2006. He thus urges that he could not have waived the issuance of findings of fact as to property division. However, the record before us contains no transcript of said uncontested divorce proceeding; conceivably, there may have been other evidence duly presented that day leading to the court's above conclusion. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 11} Appellant's First Assignment of Error is therefore overruled. *Page 4 
 II. {¶ 12} In his Second Assignment of Error, appellant contends the trial court erred by failing to make findings of fact regarding the award of spousal support to appellee. We disagree.
 {¶ 13} A trial court's decision concerning spousal support under R.C.3105.18 may only be altered if it constitutes an abuse of discretion. See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. Furthermore, unlike the statute concerning property division, R.C.3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. While R.C. 3105.18(C)(1) does set forth fourteen factors the trial court must consider, if the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Carroll v. Carroll, Delaware App. No. 2004-CAF-05035,2004-Ohio-6710, ¶ 28, citing Watkins v. Watkins, Muskingum App. No. CT 2001-0066, 2002-Ohio-4237, ¶ 21 (additional citations omitted). In the absence of a transcript of the uncontested divorce hearing in this matter, we again find no reversible error as urged by appellant.Knapp, supra. *Page 5 
 {¶ 14} Appellant's Second Assignment of Error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
Hoffman, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
 Costs to appellant. *Page 1