Appellant Kenneth Huff appeals the trial court's award of the marital home, child custody, and child support to appellee Lisa Huff. Appellant contends the trial court's decision in this uncontested divorce resulted from an abuse of its discretion. He assigns the following errors for our review:
 1. THE TRIAL COURT ERRED IN MAKING A PROPERTY DIVISION ORDER WITHOUT ADEQUATE EVIDENCE IN SUPPORT THEREOFF (sic).
 2. THE TRIAL COURT ERRED IN AWARDING CHILD SUPPORT AND ALLOCATING PARENTAL RIGHTS WITHOUT ADEQUATE EVIDENCE.
Having reviewed the available record and legal arguments of the parties, we affirm the trial court's decisions. The apposite facts follow.
Appellant appeals the decision of the trial court in this uncontested divorce in which he failed to appear. Consequently, we piece together the facts from the balance of the record and, where necessary, presume the trial court acted with regularity. Brainard v. Cardwell (2000) Ohio App. Lexis 3018 citing Columbus v. Hodge (1987), 37 Ohio App.3d 68,523 N.E.2d 515; Tyrrell v. Investment Assoc., Inc. (1984),16 Ohio App.3d 47, 474 N.E.2d 621; Jones v. Abdo, 1989 Ohio App. LEXIS 805 (Mar. 9, 1989), Cuyahoga App. No. 56148, unreported.
Appellee petitioned for divorce from appellant and custody of their children, Benjamin William Huff and Rachel Hope Huff.[1] Appellee concurrently moved for temporary child and spousal support in accordance with Rule 75 (N) of the Ohio Rules of Civil Procedure. The trial court referred the temporary support to a magistrate. Following a hearing attended by both parties and completion of the child support schedule found in R.C. 3115.215, the magistrate awarded child and spousal support Pendente Lite to appellee.
Despite proper notice, appellant failed to respond to the divorce complaint and did not appear at the final divorce hearing. The trial court proceeded in his absence, awarding various property, including the marital home, custody of Benjamin William Huff, and child support to appellee.
The marital home is the only property specifically addressed by appellant in his assignments of error to this court. Prior to appellee's marriage to appellant, appellee bought the eventual marital home from her sister. Appellee paid the entire down payment and took a mortgage solely in her name. During appellee's marriage to appellant, she took a second mortgage on the marital home. Again, this was solely in her name. Before and during marriage, appellee was solely responsible for paying both mortgages. The trial court reserved jurisdiction over the custody of Rachel Hope Huff.
The issue on appeal is whether the trial court properly resolved the property, custody, and support issues.
In domestic relations cases, we give broad deference to the trial court. Martin v. Martin (1985), 18 Ohio St.3d 292, 294, 480 N.E.2d 1112,1114, citing Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293; Miller v. Miller (1988), 37 Ohio St.3d 71, 523 N.E.2d 846; Season's Coal Co. Inc. et al v. City of Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273. We will not disturb the trial court's judgment absent a clear abuse of that discretion. Martin, 18 Ohio St.3d at 294,480 N.E.2d at 1114; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 1450 N.E.2d 1140; Koegel v. Koegel(1982), 69 Ohio St.2d 355, 432 N.E.2d 206; Berish v. Berish (1982), 69 Ohio St.2d 318, 432 N.E.2d 183; Cherry,66 Ohio St.2d 348, 421 N.E.2d 1293. For an abuse of discretion to exist, the fact-finder'sresult must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview General Hospital; Essig et al (1996), 75 Ohio St.3d 254,256, 662 N.E.2d 1, 3.
Appellant did not clear this lofty standard in the case at bar. The trial court had before it substantial evidence as to rightful possession of the marital home, the completed R.C. 3113.15 child support schedule, and the magistrate's temporary support order. Any deficiency claimed by appellant is explained by appellant's failure to appear at his final divorce hearing. Based upon the available record, we presume the trial court acted appropriately; accordingly, we affirm the trial court's decision.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and JOSEPH J. NAHRA, J.*, CONCUR.
[1] Rachel Hope Huff was born after the final divorce decree and therefore not addressed in this appeal.
* SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.