OPINION *Page 2 
{¶ 1} Appellant Joe S. Riley, Jr., appeals the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, granting the parties herein a divorce. Appellee Teresa L. Riley is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married in 1994 in Las Vegas, Nevada. One child was born of the marriage. The chief marital asset owned by the parties had been the marital residence in Hartville, Ohio, which unfortunately burned down in 2002. The parties received an insurance settlement of $182,000.00, which was used to pay off the mortgage on said residence, as well as credit card debt and an arrearage judgment for appellant's child support obligation from a prior relationship. In addition, a local church, the Chapel in North Canton, gave the parties $6,000.00 to buy replacement furniture after the fire.
 {¶ 3} On November 22, 2006, appellee filed her complaint for divorce. Appellant filed his answer on March 6, 2007. The matter proceeded to a trial before a magistrate on August 1, 2007. The magistrate issued his decision on November 20, 2007, to which appellant objected pursuant to Civ. R. 53. The trial court conducted a hearing on the objection, resulting in a judgment entry on January 18, 2008, adopting the magistrate's decision.
 {¶ 4} On February 14, 2008, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DISTRIBUTING THE MARITAL PROPERTY. *Page 3 
 I. {¶ 6} In his sole Assignment of Error, appellant argues the trial court abused its discretion in its division of marital property. We disagree.
 {¶ 7} An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 8} R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 9} In turn, R.C. 3105.171(F) reads as follows:
 {¶ 10} "In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 11} "(1) The duration of the marriage;
 {¶ 12} "(2) The assets and liabilities of the spouses; *Page 4 
 {¶ 13} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 14} "(4) The liquidity of the property to be distributed;
 {¶ 15} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 16} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 17} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 18} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 19} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 20} The record in the case sub judice reveals the following marital property breakdown: Appellee-Wife was awarded her small pension of $550.00, personal property of $7,915.54, and the vacant land upon which the marital residence had stood. The land was valued at $20,000.00; however, a home equity line of credit and other debt thereon totaled $20,213.79. The combined land and corresponding debt, netting out to minus $213.79, was ascribed to appellee-wife. A back rent figure of $6,500.00 was also ascribed to appellee-wife. The total net property distribution to her was $1,751.75. See Table, Magistrate's decision at 18. *Page 5 
 {¶ 21} Appellant-Husband was awarded Nextel stock valued at $18,000.00, plus personal property of $351.33. Furthermore, credit card debt of $14,000.00 was ascribed to appellant-husband. The total net property distribution to him was $4,351.33. Id. The trial court ultimately concluded that the overall marital property distribution was not equal, but nonetheless equitable under the circumstances.
 {¶ 22} Appellant first challenges the trial court's designation of $7,915.54 in assets (designated "personal property"), mostly furniture, as marital property, and the subsequent award thereof to appellee. Appellant asserts that it is undisputed that the furniture in the marital residence, before the fire, was his separate property, and that the $6,000.00 in church assistance, as well as other aid, went to replace it.
 {¶ 23} R.C. 3105.171(A)(6)(b) reads: "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." However, this Court has held that despite language of R.C. 3105.171(A)(6)(b), the principle of transmutation, i.e., "the intentional act of converting ownership," is still valid. SeeValentine v. Valentine (Jan. 10, 1996), Ashland App. No. 95COA01120. Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion.Valentine, supra, citing Peck v. Peck (1994) 96 Ohio App.3d 731, 734,645 N.E.2d 1300.
 {¶ 24} In the case sub judice, appellee-wife testified as follows before the magistrate concerning the replacement furniture:
 {¶ 25} "Q. Okay. Now is it not true that the money to purchase this furniture came from the insurance proceeds from the house fire? *Page 6 
 {¶ 26} "A. Actually no, that is not true. What the money, the way that we purchased this furniture was, The Chapel in North Canton had given us, because we were members there of the church together as a family, and they had given us, in their Bethesda fund, they had given us like $6,000 because we needed to purchase furniture and our proceeds we were litigating. We had not received funds at that time so the church had given us $6,000 as a gift.
 {¶ 27} "Q. Did you pay that money back to the church?
 {¶ 28} "A. No, we did not." Tr. at 40.
 {¶ 29} As an appellate court, our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. See C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280, 376, 376 N.E.2d 578. Based on the foregoing testimony, it was within the magistrate's discretion to find that the replacement furniture was gifted for the benefit of both parties and thus constituted marital assets. See Magistrate's Decision at 13. Furthermore, as it appears undisputed that the parties had divided all of the household contents when they separated in 2004 (see Magistrate's Decision at 7), we find no abuse of discretion in awarding appellee the sum of $7,915.54 as "personal property" marital assets.
 {¶ 30} Appellant next challenges the trial court's evaluation of the Nextel stock ($18,000.00) contained in the Fidelity Investment account. The magistrate apparently relied on appellant's own testimony that he had withdrawn a small amount from the Fidelity account in 2003 to pay some bills, but approximately $18,000.00 remained. See Tr. at 67. According to appellant, an updated figure of just $807.62, as of August 1, 2007, was later presented to the trial court at the objection hearing. *Page 7 
 {¶ 31} Civ. R. 53 allows the trial court to consider additional evidence at an objection hearing beyond that presented to a magistrate. However, a trial court is not required to do so under the rule, and we are not inclined to find an abuse of discretion in the trial court's adoption of the figure presented to the magistrate in this case.
 {¶ 32} Appellant lastly maintains that based on the asserted August 1, 2007 value of the Fidelity account, the award of real property to appellee and the ordering of responsibility for the credit card debt to appellant was an abuse of discretion. Appellant's argument is based on the earlier premise that the Fidelity account was erroneously valued, a proposition which we have already rejected in this opinion. Moreover, this Court has clearly expressed its reluctance to engage in piecemeal review of individual aspects of a property division taken out of the context of the entire award. See Harper v. Harper (Oct. 11, 1996), Fairfield App. No. 95 CA 56, citing Briganti v. Briganti (1984),9 Ohio St.3d 220, 459 N.E.2d 896.
 {¶ 33} Viewing the award in its entirety, we do not find the trial court abused its discretion in dividing the parties' marital property. See Koegel v. Koegel (1982), 69 Ohio St.2d 355, 432 N.E.2d 206
(emphasizing that a trial court should be given wide latitude *Page 8 
in dividing property between the parties). Accordingly, appellant's sole Assignment of Error is overruled.
 {¶ 34} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Edwards, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1