[Cite as *Haren v. Haren*, 2011-Ohio-891.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| NANCY JO HAREN | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00162 |
| GARY C. HAREN | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:  Civil appeal from the Stark County Court of
Common Pleas, Domestic Relations
Division, Case No. 2007-DR-01298

JUDGMENT:         Affirmed

DATE OF JUDGMENT ENTRY:   February 22, 2011

APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| DAVID S. AKE | ROSEMARY G. RUBIN |
| 101 Central Plaza S., Ste. 600 | 1435 Market Avenue, North |
| Canton, OH  44702 | Canton, OH  44702 |

*Gwin, P.J.*

{¶1}   Plaintiff Nancy Jo Haren appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, entered on remand from this court for determination of spousal support and re-division of the marital property. Appellant, hereinafter referred to as "ex-wife", assigns no formal error to the trial court, but her brief argues the court should have conducted an evidentiary hearing on the issue of spousal support, and she also contests the court's division of the parties' marital debt.

{¶2}   Defendant Gary C. Haren, hereinafter referred to as "ex-husband", assigns three errors on cross-appeal:

{¶3}   "I. THE COURT FAILED TO CONSIDER ALL OF THE STATUTORY FACTORS CONTAINED IN OHIO REVISED CODE SECTION 3105.18 AND ABUSED ITS DISCRETION IN FAILING TO AWARD ADEQUATE SPOUSAL SUPPORT AS FAR AS DURATION AND AMOUNT.

{¶4}   "II. THE COURT HAS FAILED TO AWARD SPOUSAL SUPPORT RETROACTIVE TO THE DATE OF TRIAL BUT HAS ESTABLISHED THE ONSET FOR SPOUSAL SUPPORT AS THE DAY OF REMAND IN OCTOBER OF 2009.

{¶5}   "III. THE COURT FAILED TO AWARD TO THE DEFENDANT ANY TANGIBLE PERSONAL PROPERTY FROM THE HOME WHICH IS CLEARLY AN INEQUITABLE DIVISION OF MARITAL ASSETS."

{¶6}   This case came before us in 2009, on direct appeal from the divorce decree.  *Haren v. Haren,* 184 Ohio App. 3d 722, 2009-Ohio-5652, 922 N.E. 2d 284.  In the first appeal, we found the court abused its discretion in finding the ex-husband was

capable of earning additional income without losing his disability benefits, but chose not to do so. At trial, ex-husband's ability to perform strenuous physical activities was one of the contested issues.

{¶7} At the hearing on remand, ex-wife asked the trial court to take new evidence on the issue of the extent of the ex-husband's disability. Ex-wife argued to the trial court this court had made errors in reviewing and stating the record. The trial court declined to take evidence, finding trial courts did not usually get asked to "straighten out" courts of appeals' judgments. The court found if the remand had instructed the court to take further evidence it would have done so.

{¶8} We find the trial court did not err. The court that "straightens out" our judgments is the Supreme Court. The trial court correctly found it could not take evidence on the issue in order to determine whether we were wrong.

{¶9} Our standard of reviewing decisions of a domestic relations court is generally the abuse of discretion standard, see *Booth v. Booth* (1989), 44 Ohio St. 3d 142, 541 N.E.2d 1028. The Supreme Court made the abuse of discretion standard applicable to alimony orders in *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 450 N.E.2d 1140; to property divisions in *Martin v. Martin* (1985), 18 Ohio St. 3d 292; to custody proceedings in *Miller v. Miller* (1988), 37 Ohio St. 3d 71; and to decisions calculating child support, see *Dunbar v. Dunbar,* 68 Ohio St 3d 369, 533-534, 1994 - Ohio- 509, 627 N.E.2d 532. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, *Blakemore,* supra, at 219. When applying the abuse of discretion standard, this court

may not substitute our judgment for that of the trial court, *Pons v. Ohio State Med. Board,* 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748.

**{¶10}** Further, ex-wife argues the trial court's finding that $5,000.00 of the parties' MasterCard bill was not a marital debt, but her separate debt was not supported by the evidence. In the previous appeal, we found the MasterCard bill included ex-wife's payments to her attorney in the amount of $5,000.00. The trial court accordingly had evidence from which it could determine the bill included the ex-wife's separate debt.

**{¶11}** Ex-wife asserts the trial court did not mention the American Express bill in the divorce decree. On remand, the trial court addressed the American Express bill and found it to be a marital debt. Our earlier remand directed the court to re-evaluate the debts and it did not err in doing so.

**{¶12}** Ex-wife's allegations of error are overruled.

**{¶13}** We turn then to ex-husband's cross-assignments of error.

I.

**{¶14}** In his first assignment of error, ex-husband argues the trial court failed to consider all the statutory factors, and abused its discretion because the spousal support award is too low, and too short in duration. The ex-husband's spousal support is $400.00 per month for 100 months. Appellant characterizes this as woefully inadequate, and only affords ex-husband 35% of the after-tax income of the parties.

**{¶15}** Our review of the record leads us to conclude the trial court did not err in determining what it deemed to be an appropriate amount of spousal support given the evidence before it.

**{¶16}** The first cross-assignment of error is overruled.

II.

**{¶17}** In his second assignment of error, ex-husband argues the court should have made the award of spousal support retroactive to the date of the trial, rather than as of the date of the remand.

**{¶18}** In *Kunkle v. Kunkle* (1990), 51 Ohio St. 3d 64, 554 N.E. 2d 83, the Ohio Supreme Court held a trial court is vested with broad discretion to decide what is equitable from the facts and circumstances of each case. *Kunkle* at 87, citations deleted. The court also reminded us we may reverse only if the trial court abuses its discretion, and we must not substitute our judgment for that of the trial court. Id.

**{¶19}** We find on the record before us the trial court did not abuse its discretion in its award of spousal support.

III.

**{¶20}** In his third assignment of error, ex-husband argues the trial court erred in not awarding any tangible personal property from the home, thereby fashioning an inequitable division of marital assets.

**{¶21}** The Ohio Supreme Court has cautioned courts of appeals from conducting piece-meal appeals of property divisions, and instead, we must look to the entire award. A flat rule to determine the distribution cannot be established because equity depends on the totality of the circumstances. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896. The Supreme Court has held the property division need not be equal to be equitable. "A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion." *Cherry*

*v. Cherry* (1981) 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293, syllabus by the court, paragraph two.

{¶22} Our review of the record leads us to conclude the trial court did not err in its division of the marital assets.

{¶23} The third assignment of error is overruled.

{¶24} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division of Stark County, Ohio, is affirmed.

By: Gwin, P.J., and

Wise, J., concur;

Hoffman, J., concurs

separately

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

WSG:clw 0204

*Hoffman, J., concurring*

**{¶25}** I concur in the majority's analysis and disposition of Appellant's appeal and Cross-Appellant's first and second assignments of error. I further concur in the majority's disposition of Cross-Appellant's third assignment of error.

**{¶26}** I write separately to caution Appellant failure to file a brief in compliance with App.R.16 renders it susceptible to dismissal for want of prosecution.

**{¶27}** I also write separately as to Cross-Appellant's third assignment of error. I would overrule it as being barred as res judicata.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

NANCY JO HAREN                           :
                                         :
            Plaintiff-Appellant          :
                                         :
                                         :
-vs-                                     :        JUDGMENT ENTRY
                                         :
GARY C. HAREN                            :
                                         :
                                         :
            Defendant-Appellee           :        CASE NO. 2010-CA-00162


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, Domestic Relations Division of Stark County, Ohio, is

affirmed. Costs to appellant.


                                    _____
                                    HON. W. SCOTT GWIN


                                    _____
                                    HON. WILLIAM B. HOFFMAN


                                    _____
                                    HON. JOHN W. WISE