[Cite as *Haren v. Haren*, 2012-Ohio-2161.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| NANCY JO HAREN | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant/Cross-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 CA 00221 |
| GARY C. HAREN | |
| | |
| Def.-Appellee/Cross-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2007 DR 01298


JUDGMENT:        Affirmed in Part; Reversed in Part and Remanded


DATE OF JUDGMENT ENTRY:        May 14, 2012


APPEARANCES:

For Plaintiff-Appellant/Cross-Appellee

DAVID S. AKE
101 Central Plaza South
Suite 600
Canton, Ohio 44702

For Defendant-Appellee/Cross-Appellant

ROSEMARY G. RUBIN
THE VICTORIAN PROFESSIONAL BLDG.
1435 Market Avenue North
Canton, Ohio 44714

*Wise, J.*

{¶1} Appellant/Cross-Appellee Nancy Haren appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, which found her in contempt of court following her divorce from Appellee/Cross-Appellant Gary Haren. The relevant facts leading to this appeal are as follows.

{¶2} Appellant/Cross-Appellee Nancy Haren and Appellee/Cross-Appellant Gary Haren were married on September 25, 1981.[1] Two children were born as issue of that marriage: J.H., born in 1990, and K.H., born in 1991.

{¶3} On October 23, 2007, Nancy filed a complaint for divorce. Gary filed an answer and counterclaim on November 1, 2007.

{¶4} The matter proceeded to a divorce trial on June 2, 2008. At the time of the trial, the parties' older child had become emancipated. The chief issues disputed by the parties were spousal support, the allocation of the marital residence, and the disposition of the household goods and furniture. Testimony was adduced at trial that Nancy was an X-ray technologist and had earned $49,086.72 in 2007, while Gary had received $14,508.00 in Social Security disability benefits in 2007. Testimony was also presented at trial that Nancy had a pension valued at $47,000.00, while Gary's pension was valued at $12,049.00.

{¶5} A judgment entry/decree of divorce was initially filed on September 18, 2008. The trial court ordered no spousal support to either party. The court further

---

[1] In order to avoid confusion as to the identity of the parties, particularly in light of the existence of two prior appeals involving this case, we will hereinafter refer to the parties by their respective first names.

awarded the marital residence to Nancy, and additionally ordered that the parties' marital assets and liabilities would be divided as per a particular trial exhibit.

{¶6} Gary thereupon filed a direct appeal from the divorce decree to this Court, raising issues regarding the division of marital property, allocation of marital debts (including attorney fees), and the lack of spousal support. On October 19, 2009, we reversed the trial court's decision on several bases and remanded the case. See *Haren v. Haren*, 184 Ohio App.3d 722, 2009-Ohio-5652 (*"Haren I"*).

{¶7} After the remand, the trial court on June 7, 2010 again issued a judgment entry/decree of divorce. Among other things, the trial court awarded Gary spousal support in the amount of $400.00 per month for 100 months, subject to the death of either party or Gary's remarriage. Nancy was awarded the marital residence. The trial court also ordered Nancy to pay an equalization payment of $43,738.50. The court also ruled that if Nancy was unable to obtain the funds, she would be required to put the marital residence on the market for sale.[2] Following the issuance of the new decree, Nancy appealed, while Gary filed a notice of cross-appeal. On February 22, 2011, we affirmed the decision of the trial court, with a separate concurrence by Judge Hoffman. See *Haren v. Haren*, Stark App.No. 2010CA00162, 2011-Ohio-891 ("*Haren II*").

{¶8} On April 11, 2011, Gary filed a contempt motion against Nancy, alleging that she had not complied with the orders for division of marital property and had delayed paying spousal support. The matter proceeded to an evidentiary hearing before a magistrate on August 10, 2011. The magistrate found Nancy to be guilty of contempt

---

[2] The parties entered into a subsequent agreement in September 2010 that Nancy could also seek refinancing of the marital residence as a means of obtaining the equalization payment funds.

for her failure to pay the spousal support in a timely fashion. The magistrate did not find Nancy in contempt regarding the payment of the $43,738.50. However, she made orders requiring Nancy to complete her mortgage loan application prior to November 15, 2011 and to pay Gary the equalization sum no later than December 31, 2011. The magistrate also ordered a date certain for Gary to pick up his personal property and attached a list indicating what property he would be entitled to. The magistrate also ordered Nancy to pay a lump sum purge amount of $5,600.00 on or before December 31, 2011 on the spousal support arrearages. The magistrate did not, however, award attorney fees to Gary for the finding of contempt. She also declined to award interest on the $43,738.50.

{¶9} Each side thereafter filed objections to the magistrate's decision. The trial court reviewed the objections and conducted a hearing on October 3, 2011. On October 4, 2011, the trial court issued a decision overruling all objections and adopting the decision of the magistrate.

{¶10} On October 6, 2011, Appellant Nancy filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶11} "I. THE TRIAL COURT ERRED IN FINDING THE APPELLANT [NANCY] IN CONTEMPT FOR FAILING TO GIVE THE APPELLEE [GARY] HOUSEHOLD GOODS NOT LOCATED IN THE STORAGE WORK SHED."

{¶12} On October 17, 2011, Appellee Gary filed a notice of cross-appeal. He now raises the following two Assignments of Error as cross-appellant:

**{¶13}** "I.   THE MAGISTRATE ABUSED HER DISCRETION IN FAILING TO ORDER THE PLAINTIFF [NANCY] TO PAY INTEREST ON THE AMOUNT OWED TO THE DEFENDANT [GARY].

**{¶14}** "II.   THE MAGISTRATE ABUSED HER DISCRETION IN FAILING TO AWARD ATTORNEY FEES TO THE DEFENDANT [GARY] UPON A FINDING OF CONTEMPT."

## *Direct Appeal*

### I.

**{¶15}** In her sole Assignment of Error, Appellant Nancy contends the trial court erred in finding her in contempt regarding transfer of household goods.

**{¶16}** We note the trial court's contempt finding against Nancy pertains solely to the issue of spousal support. See Magistrate's Decision at para. 9. The basis of Nancy's assigned error thus appears to be meritless. Nancy's brief proposes that Exhibit 17, upon which the trial court had relied in calculating property division in the final decree, was altered from its original form. However, this was not mentioned in this Court's opinion in *Haren II*, which affirmed the marital property division, and we hold that any concerns about the exhibit are now untimely for purposes of appellate review.

**{¶17}** Appellant Nancy's sole Assignment of Error is overruled.

## *Cross Appeal*

### I.

**{¶18}** In his First Assignment of Error on cross-appeal, Gary contends the trial court abused its discretion in declining to award him interest on the unpaid property division monies. We disagree.

{¶19} A trial court has discretion whether or not to award interest on those monetary obligations which arise out of property divisions upon divorce. See *Koegel v. Koegel* (1982), 69 Ohio St.2d 355, 432 N.E.2d 206, syllabus. We review such a decision regarding interest on an abuse of discretion standard. *See, e.g., Cronin v. Cronin,* Greene App. Nos. 02-CA-110, 03-CA-75, 2005-Ohio-301, ¶ 26.

{¶20} In the case sub judice, Nancy's requirement to pay the equalization sum of approximately $43,738.50 was partially conditioned on her selling the marital residence or taking out a new mortgage if she was unable to come up with the funds otherwise. Under these circumstances, in light of the troubled real estate market of the past several years, and further recognizing the protracted nature of this divorce brought about by both parties, we are unable to find the existence of an abuse of discretion as to the lack of interest on the property division orders.

{¶21} Gary's First Assignment of Error on cross-appeal is overruled.

II.

{¶22} In his Second Assignment of Error on cross-appeal, Gary contends the trial court erred in declining to award him attorney fees for the contempt regarding spousal support payable to him. We agree.

{¶23} Generally, an award of attorney fees lies within the sound discretion of the trial court. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 359, 481 N.E.2d 609. However, R.C. 3105.18(G) specifically provides as follows:

{¶24} "If any person * * * required to pay spousal support under an order made or modified by a court on or after January 1, 1991, is found in contempt of court for failure to make alimony or spousal support payments under the order, the court that

makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and shall require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt."

{¶25} Based on the aforesaid statutory mandate, Gary's Second Assignment of Error on cross-appeal is sustained.

{¶26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded for a hearing to assess attorney fees pertaining to the trial court proceedings for contempt as to spousal support.

By: Wise, J.

Delaney, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0411

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

NANCY JO HAREN                                    :
                                                 :
    Plaintiff-Appellant/Cross-Appellee    :
                                                 :
-vs-                                             :        JUDGMENT ENTRY
                                                 :
GARY C. HAREN                                    :
                                                 :
    Defendant-Appellee/Cross-Appellant :        Case No. 2011 CA 00221

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Costs are to be split equally between the parties.

_____

_____

_____

JUDGES